UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RYAN McMILLAN, individually and on behalf of all others similarly situated,<br><br>v.<br><br>SAEJ ENTERPRISES, L.L.C. d/b/a SAEJ ENTERPRISES | Case No. 1:19-cv-00091-DLH-CRH<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>Judge Daniel L. Hovland<br><br>Magistrate Judge Clare R. Hochhalter |

## STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain materials to be produced and testimony to be given in this action, it is ordered that:

1. Documents, electronically stored information (including writings, drawings, charts, photographs, sound recordings, video recordings, images, and other data or data compilations), other tangible items produced in discovery,[1] and testimony in this litigation that contain confidential information shall hereafter be referred to as "Protected Materials." The Party seeking to mark Protected Materials shall hereafter be referred to as the "Designating Party." Except as otherwise indicated below, documents, electronically stored information, other tangible items produced in discovery, and testimony designated "Confidential" or "Subject to Protective Order" that are produced or delivered to the Parties and/or the Parties' attorneys, consultants, agents, or experts in this action, shall be Protected Materials and given confidential treatment as described below.

2. For purposes of this Protective Order, Protected Materials includes any document, electronically stored information, other tangible items produced in discovery, and testimony that the Designating Party believes in good faith to contain confidential or sensitive information as defined by Federal Rule of Civil Procedure 26(c)(1)(G), including trade secrets or other confidential research, development, or commercial information; protected health

---

[1] The Parties intend to include any writing, recording, photograph or other written material as defined by Federal Rule of Evidence 1001(a) through (c).

information ("PHI");[2] or other personal information that is protected by law. Protected Materials shall not contain or consist of any information generally available to the public.

3. For documents, electronically stored information, and other tangible items produced in discovery to be designated as Protected Materials, at the time of production, the Designating Party will designate each individual document by clearly stamping on each such document, "Confidential" or "Subject to Protective Order." Such stamping shall not obscure any written or printed information on the materials. In the event that material is produced in a format that is not capable of being stamped, the material should be clearly marked or identified "Confidential" or "Subject to Protective Order" on the media itself or within the file structure of electronically stored information. Such marking shall not otherwise alter the media, its file structure, or its contents.

4. Deposition testimony may also be designated as Protected Materials.

   (a) The Designating Party must designate the protected testimony within 30 days of service of the final transcript of the testimony to be designated. In designating such testimony, the Designating Party must specifically identify (by page and line) the discrete portions of the testimony to be protected.

   (b) Testimony may be designated as subject to this Protective Order by declaration of a Party or Party's Counsel on the record during a deposition. If testimony is designated as protected on the record during a deposition, the testimony will be subject to this Protective Order until 30 days after service of the final transcript of the testimony to be designated, unless the Designating Party has otherwise designated the testimony as protected in accordance with paragraph 4(a).

5. To the extent that Protected Materials or information contained therein are used in the taking of depositions, such Protected Materials or information shall remain subject to the provisions of this Protective Order.

6. Prior to designating any material or testimony as subject to this Protective Order, the Designating Party must make a good faith determination that the material or testimony is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G) and/or contains personal information that is protected by law.

7. If any Party disagrees with the designation of any material or testimony as being subject to this Protective Order, that Party will so notify the Designating Party in

---

[2] *E.g.*, 45 C.F.R. § 160.103.

writing. The Parties may meet-and-confer to resolve any dispute. If the Parties are unable to resolve their dispute, the Designating Party may, within 14 days of receipt of such notice, apply to the Court to determine whether the disputed materials are entitled to protection in accordance with the Federal Rules of Civil Procedure. If the Designating Party does not so move within the allowed time, then the disputed materials shall lose their status as Protected Materials automatically at the expiration of the allowed time. Until the Court rules on the application, the Parties shall consider any disputed materials subject to this Protective Order.

8. Both the Protected Materials and the information contained therein shall be treated as confidential. The Protected Materials or information contained therein may be shown, disseminated, or disclosed only to the following persons:

    (a) The Parties to this action;

    (b) If a party is a business entity, then that party's current officers, directors, and partners;

    (c) Counsel of record for any party in this case, including other attorneys and supporting personnel in Counsel's law firms;

    (d) Experts and consultants retained by a party for the preparation or trial of this case (including their employees, associates, and support staff), provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the Designating Party;

    (e) The Court and Court personnel (including Special Masters appointed by the Court);

    (f) Mediators or Special Masters jointly retained by the parties;

    (g) Any witness giving deposition testimony in this case;

    (h) A third party who is employed by a party for litigation support (such as document coding, image scanning, exhibit preparation, copying or management of discovery materials, court reporting services, translation services, mock trial, and/or jury profiling), but who is not the competitor of any party;

    (i) Any other person to whom the Designating Party provides prior, written consent; and

    (j) Such other person as this Court may order after notice and an opportunity to be heard.

9. Unless the Designating Party agrees otherwise, persons receiving access to Protected Materials pursuant to subparagraphs 8(g) and (i) may view Protected Materials, but may not retain any copies.

10. Before giving access to any of the Protected Materials or the information contained therein, each person described in subparagraphs 8(d), (g), (i), and (j) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court by signing a copy of the attached Acknowledgement Form (Exhibit A to this Protective Order). A copy of each executed Acknowledgement Form shall be retained by the Counsel providing access to the Protected Materials.

11. Counsel for the party providing access to Protected Materials shall provide copies of the signed Acknowledgement Forms to the Court and the Designating Party upon request if there are specific questions about potential violations of, or compliance with, this Protective Order. Except that, for an Expert Witness under subparagraph 8(d), the Acknowledgement Form shall not be provided in advance of the timeline set forth in paragraph 12 unless there are specific questions about potential violations of, or compliance with, this Protective Order by an Expert Witness. In such circumstance, the Designating Party may provide evidence of such violation to the party providing access to the Protected Materials and request that a copy of the corresponding Acknowledgement Form be produced in advance of the paragraph 12 timeline. Upon receiving such evidence, the party providing access to the Protected Materials shall produce the corresponding Acknowledgement Form unless the disclosing party has a good faith basis for refusing to do so, in which case either party may seek court intervention.

12. For an Expert Witness provided Confidential Information pursuant to subparagraph 8(d), the Party or Party's Counsel retaining that Expert Witness and receiving a copy of the Acknowledgement Form shall provide each Designating Party a copy of the Expert Witness's completed and signed Acknowledgement Form upon request of the Designating Party either: (a) at the time of that person's expert designation or deposition, for an Expert Witnesses whose opinions may be presented at trial; or (b) at the conclusion of the above-captioned litigation, for an Expert Witness who is not expected to be called as a witness at trial.

13. Documents, electronically stored information, other tangible items produced in discovery, and testimony that would otherwise qualify as Protected Materials under this Protective Order, but which are unintentionally produced without being designated as subject

to this Protective Order, may later be designated as Protected Materials upon written notice by the Designating Party. After such written notice, the designated materials shall be treated as Protected Materials and subject to the provisions of this Protective Order.

14. Protected Materials designated under Federal Rule of Civil Procedure 26(c)(1)(G) and produced pursuant to this Protective Order are deemed authentic under the Federal Rules of Evidence, and no further proof of authentication as to such Protected Materials shall be required.

15. Protected Materials, when filed with the Court, shall be filed under seal in accordance with applicable local rules and Court procedures. Protected Materials filed under seal in this manner shall be filed separately and contemporaneously as attachments to a motion for leave to file the materials under seal. When this procedure is invoked, the Protected Materials shall remain under seal until further order of the Court. The Party filing the Protected Materials may file the sealing motion as unopposed, but the nonopposition shall not be construed as a waiver of any other rights or a concession that the Protected Materials are properly designated.

16. This Protective Order shall not apply to the disclosure of Protected Materials or the information contained therein at the time of trial, through the receipt of Protected Materials into evidence, or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the application of any of the parties.

17. Disclosure of Protected Materials other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including without limitation, contempt, injunctive relief and damages.

18. This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

_____ 7 · 1 · 19_____                    _____
Date                                              Clare R. Hochhalter
                                                  United States Magistrate Judge

IT IS SO STIPULATED:

      /s/ *Matthew S. Parmet*
By: _____
      **Matthew S. Parmet**
      Texas Bar # 24069719
**PARMET PC**
PO Box 540907
800 Sawyer St. (77007)
Houston, TX 77254
phone 713 999 5228
fax    713 999 1187
matt@parmet.law

**Edmond S. Moreland, Jr.**
Texas Bar # 24002644
**MORELAND VERRETT, P.C.**
700 West Summit Dr.
Wimberley, TX 78676
phone 512 782 0567
fax    512 782 0605
edmond@morelandlaw.com

**Attorneys for Plaintiff**


      /s/ *William C. Black*
By: _____
      **William C. Black (07284)**
**LARSON LATHAM HUETTL LLP**
1100 College Dr.
PO Box 2056
Bismarck, ND 58502-2056
phone (701) 223-5300
wblack@bismarcklaw.com

**Attorneys for Defendant**

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RYAN McMILLAN, individually and on behalf of all others similarly situated,<br><br>v.<br><br>SAEJ ENTERPRISES, L.L.C. d/b/a SAEJ ENTERPRISES | **Case No. 1:19-cv-00091-DLH-CRH**<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>Judge Daniel L. Hovland<br><br>Magistrate Judge Clare R. Hochhalter |

PROTECTIVE ORDER—EXHIBIT A

ACKNOWLEDGMENT FORM

I, acknowledge that I have received and read a copy of the attached Protective Order, and I agree to be bound by the terms of such Order. I further agree to be subject to the jurisdiction of this Court including, but not limited to, its contempt powers.

_____        _____
Date                                                                       Signature


                                                                                 _____
                                                                                 Printed Name

Relationship to litigation for which documents requested:

_____

Scope of Protected Materials requested:

_____

_____

**Protective Order – Exhibit A**                                                                              Page 1 of 1